UNITED STATES DISTRICT COURT FOR THE
FEDERAL DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Susan Peiffer<br>206 Summer Ave.<br>Horsham, PA 19044 | :<br>:<br>: | No._____ |
| Plaintiff(s) | : | |
| | : | |
| v. | : | |
| | : | |
| Santini Farms, LLC<br>956 Marble Hills Rd.<br>Phillipsburg, NJ 08865 | :<br>:<br>: | JURY TRIAL DEMANDED |
| Defendant(s) | : | |

# COMPLAINT

## PARTIES

1. Plaintiff, Susan Peiffer, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Santini Farms, LLC, is a business entity the State of New Jersey, with a business address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and subject matter of this Civil Action.

4. The Defendant, is a citizen, resident, and is domiciled in the State of New Jersey.

5. The amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

6. 28 U.S.C. §1332(a)(1) states that "the district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

7. This court thus has original jurisdiction over this matter pursuant to the aforementioned Section 1332(a)(1).

8. 28 U.S.C. § 1391(a) (1) and (2) states, "(1) this section shall govern the venue of all civil actions brought in district courts of the United States; and (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature."

9. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2).

10. 28 U.S.C. § 1391(b) (2) states, "A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

11. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b) (2) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred; i.e., the accident at issue occurred in Somerset County, New Jersey, which is in this federal judicial district.

12. On or about February 9, 2022, at approximately 8:42 a.m., Plaintiff, was the operator of a motor vehicle which was traveling at or near the intersection of Amwell Rd. & Willow Rd., in Hillsborough Township, NJ.

13. At or about the same date and time, a driver for Santini Farms, LLC, was the operator of a motor vehicle, owned by Defendant, Santini Farms, LLC, which was traveling at or near the aforesaid location and/or the location of Plaintiff's vehicle.

14. At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision striking the Plaintiff's vehicle.

15. At all times relevant hereto, upon information and belief, a driver for Santini Farms, LLC, was operating the aforementioned Defendant, Santini Farms, LLC's vehicle as Defendant's servant and/or employee acting in the scope of his/her agency.

16. The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his/her vehicle in such a manner so as to strike Plaintiff's vehicle.

17. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiff.

18. As a result of the accident, Plaintiff suffered serious, severe and permanent bodily injuries, including to the neck, back, left shoulder, chest, collar bone and hip, as set forth more fully below.

## COUNT I
### Susan Peiffer v. Santini Farms, LLC
### Negligent Entrustment

19. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

20. The negligence and/or carelessness of Defendant, Santini Farms, LLC, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

   a. Permitting a driver for Santini Farms, LLC, to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

   b. Permitting a driver for Santini Farms, LLC to operate the motor vehicle when Defendant, Santini Farms, LLC, knew, or in the exercise of due care and diligence, should have known that a driver for Santini Farms, LLC, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, Santini Farms, LLC, knew, or in the existence of due care and diligence

should have known, that the Plaintiff would be exposed to a driver for Santini Farms, LLC's negligent operation of the motor vehicle

21. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including to the neck, back, left shoulder, chest, collar bone and hip, all to Plaintiff's great loss and detriment.

22. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

24. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

25. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

26. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an

amount equal to and/or in excess of the basic personal injury protection benefits required by law, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Susan Peiffer, prays for judgment in Plaintiff's favor and against Defendant, Santini Farms, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Susan Peiffer v. Santini Farms, LLC
### Respondeat Superior

27. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

28. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consist of, but is not limited to:

   a. Striking Plaintiff's vehicle head-on, after crossing the double yellow line, causing the Plaintiff's vehicle to spin and strike another vehicle;

   b. Operating his vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating said vehicle in a negligent manner so as to strike Plaintiff's vehicle;

   e. Failing to have said vehicle under proper and adequate control;

   f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Violation of the assured clear distance rule;

   h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff and/or Plaintiff's vehicle;

j. Being inattentive to his duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a dangerously high rate of speed for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

r. Continuing to operate the vehicle in a direction towards the Plaintiff's and/or co-defendants' vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s. Driving too fast for conditions;

t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of New Jersey, pertaining to the operation and control of motor vehicles

29.     As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries including to the neck, back, left shoulder, chest, collar bone and hip, all to Plaintiff's great loss and detriment.

30.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

31.     As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

32.     As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to his/her personal property, including her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

33.     As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

34.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by law for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Susan Peiffer, demands judgment in Plaintiff's favor and against Defendant, Santini Farms, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: *Marc Simon*
Marc I. Simon, Esquire
